UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY T. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 14-CV-3394 |
| | ) |
| OFFICER KEITH DEVORE, | ) |
| | ) |
| Defendant. | ) |

**OPINION**

Plaintiff, proceeding pro se, pursues a claim for excessive force against Officer Devore during Plaintiff's arrest on August 16, 2009. Plaintiff pursued the same claim in a prior case, Jones v. Vincent, 10-CV-3131 (C.D. Ill.), but the claim was voluntarily dismissed before trial.

Officer Devore moves for summary judgment, arguing that Plaintiff's state court criminal conviction bars Plaintiff's excessive force claim under the doctrine of collateral estoppel or the Supreme Court case of Heck v. Humphrey, 512 U.S. 477 (1994). The Court agrees as to the Heck bar, which obviates the need to decide the thornier issue of collateral estoppel. See Talarico v. Dunlap, 177 Ill.2d 185 (1997)(whether guilty plea amounts to collateral estoppel

must be made on case by case basis)(guilty plea not preclusive where no incentive to litigate criminal charges).

Heck v. Humphrey, 512 U.S. 477 (1994), holds that "a district court must dismiss a § 1983 action if a judgment in favor of the plaintiff in that § 1983 action would necessarily imply the invalidity of his criminal conviction or sentence." Helman v. Duhaime, 742 F.3d 760, 762 (7th Cir. 2014).  The Heck rule applies even when a plaintiff has served his sentence.  Burd v. Sessler, 702 F.3d 429 (7th Cir. 2012).

It is undisputed that Plaintiff's excessive force claim in this case is based on his allegation that Officer Devore "slamm[ed] [Plaintiff's] head, repeatedly, on the trunk of the squad car."  (Pl.'s Resp. Summ. J. Mot. p. 3, d/e 25, citing Plaintiff's deposition in 10-CV-3131.)

It is also undisputed that Plaintiff pled guilty to criminal damage to government property in his state criminal proceedings. In the criminal proceedings, Plaintiff acknowledged that he, himself, had damaged the trunk of the squad car by banging his own head on the trunk.  The transcript of the plea agreement shows that this was the only factual basis for the conviction:

> Our factual basis is that on August 16, 2009, the Lincoln Police Department effected an arrest of the defendant. During the course of that arrest Officer Petit was one of the responding officers from the Lincoln Police Department. He observed, according to his statement, the defendant strike squad number 10 with his head leaving dents on the trunk of that vehicle, that vehicle being supported in whole and/or in part by government funds.

(Transcript of Plea Agreement, attached to Def.'s Mot. Summ. J., d/e 22-3, p. 6.)

Plaintiff does not dispute that his excessive force claim here completely contradicts the facts essential to his conviction for damage to government property. He does not dispute that success on his excessive force claim in this case would necessarily imply the invalidity of his conviction. As he puts it, "It is clear that my head indeed hit the trunk of the squad car. The question is how, by myself or Lincoln Police Officer Keith Devore." (Pl.'s Resp. p. 4, d/e 25.) The answer, though, is not a question for the jury as Plaintiff argues, since Plaintiff already admitted that he made the dents as part of his guilty plea, an admission central to his conviction.

Plaintiff argues that he pled guilty only because he lacked the money to adequately defend the criminal charge. That may be so, but Heck still bars his claim. *See, e.g.*, Hill v. Murphy, 785 F.3d

242 (7th Cir. 2015)(Under Heck, guilty plea to making false statement barred later § 1983 claim for coercive interrogation); Helman v. Duhaime, 742 F.3d 760, 761 (7th Cir. 2014)(excessive force claim barred where the plaintiff pled guilty to resisting and acknowledged at the plea hearing that he tried to draw a deadly weapon on an officer executing his duty); Chriswell v. Village of Oak Lawn, 2013 WL 5903417 (N.D. Ill. 2013)(not published in Federal Reporter)(Fourth Amendment false arrest claim barred where plaintiff pled guilty "to the very behavior that would have constituted probable cause for her arrest.").

 Plaintiff also seems to assert that Judge Myerscough ruled in his favor on this issue in his prior case, 10-CV-3131, but that is not entirely accurate.  Judge Myerscough denied summary judgment on the issue solely because she did not have enough information: "without knowing more about Jones' underlying conviction, the Court cannot determine whether a verdict in Jones' favor on his § 1983 claim would undermine his conviction for criminal damage to property."  (10-CV-3131, 5/9/13 Order p. 29.)  In the prior case, the Defendants had not filed the plea transcript as they have in this

case. Sufficient evidence has now been submitted for a court to rule on the merits of the Heck defense.

In sum, Plaintiff's excessive force case cannot proceed because it effectively challenges the validity of Plaintiff's conviction for criminal damage to government property. Summary judgment must, therefore, be granted to Defendant.

**IT IS THEREFORE ORDERED:**

(1) Defendant's motion for summary judgment is granted (22).

(2) This case is dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994).

(3) All pending motions are denied as moot (24), and this case is closed.

(4) The final pretrial and trial dates are vacated.

(5) Defendant may file to recover his costs within the time prescribed by local rule. Fed. R. Civ. P. 54. If Plaintiff plans to claim indigency in response to Defendant's bill of costs, Plaintiff must file an affidavit setting forth his assets, liabilities, income, and employment.

(6)  If Plaintiff seeks to appeal, he must file a notice of appeal in this Court within 30 days of the entry of the judgment.  If Plaintiff intends to file a petition for leave to appeal in forma pauperis, he should explain why he believes the Court's decision is incorrect.

Entered: 10/02/2015

**s/James E. Shadid**
JAMES E. SHADID
U.S. DISTRICT JUDGE
